UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

```
IN RE:                              )
                                    )
Ruth Oakley Thomas,                 )   Case No. 10-80835C-7D
a/k/a Ruth Ann Oakley,              )
                                    )
        Debtor.                     )
                                    )
_____ )
                                    )
Pryor L. Dark, Jr.,                 )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Adversary No. 10-9071
                                    )
Ruth Oakley Thomas,                 )
a/k/a Ruth Ann Oakley,              )
                                    )
        Defendant.                  )
                                    )
```

## OPINION AND ORDER

This adversary proceeding came before the court on January 6, 2011, for hearing on the Defendant's motion pursuant to Rule 7012 of the Federal Rules of Bankruptcy and Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim upon which relief can be granted. Chris Kremer appeared on behalf of the Plaintiff and Arthur M. Blue appeared on behalf of the Defendant.

## STATEMENT OF THE CASE

This is a dischargeability proceeding arising out of a transaction that occurred on June 14, 2005, involving the Plaintiff and the Defendant. According to the complaint, the Defendant borrowed the sum of $50,000 from the Plaintiff on that date which

has never been repaid. The complaint alleges that the Defendant is indebted to the Plaintiff for the entire $50,000 plus interest and attorney's fees and seeks an adjudication that such indebtedness is nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

## DISCUSSION

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Rule 12(b)-(h) of the Federal Rules of Civil Procedure applies in adversary proceedings. Under Rule 12(b)(6) a defendant may move to dismiss for failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A motion to dismiss should be considered using a two-pronged approach. Iqbal, 129 S.Ct. at 1950. First, a court must accept as true all factual allegations contained in a complaint. Id. at 1949. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1950. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

Once a court assumes the truth of well-pleaded factual allegations, it should "then determine whether they plausibly give rise to an entitlement to relief." Id. In order for a claim to be facially plausible, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (citing Twombly, 550 U.S. at 556). Whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n] 'that the pleader is entitled to relief.'" Id. (citing Fed. R.Civ.P. 8(a)(2)).

Applying the foregoing standards in the present proceeding, the court concludes that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

The Plaintiff seeks relief under section 523(a)(2)(A) pursuant to which a debt is nondischargeable if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." The elements of a claim under section 523(a)(2)(A) are "(1) false representation,

- 3 -

(2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages." Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 218 (4th Cir. 2007).

The complaint in this proceeding does not contain even a threadbare recital of the elements of a cause of action under section 523(a)(2)(A). The only reference to fraud is in paragraph sixteen which contains the conclusory statement that the "facts and circumstances" alleged earlier in the complaint "indicate a pattern of behavior by the defendant to willfully defraud plaintiff of the sum owing to the plaintiff." It is not required that this conclusory statement be accepted as true and, standing alone, it is not sufficient to constitute a valid claim for false pretense, false representation or fraud.

As to the "facts and circumstances" alleged in the earlier paragraphs of the complaint, even if such facts and circumstances are accepted as true, they, too, are insufficient to support a claim for relief under section 523(a)(2)(A). Under section 523(a)(2)(A), the critical question is whether money or property was "obtained" through fraud, false representation or false pretense. This question necessarily brings into focus the conduct and intent of the defendant at the time the money is obtained. The transaction in which the Defendant obtained the $50,000 from the Plaintiff occurred on June 14, 2005, and is described in paragraphs

four through nine of the complaint. That description amounts to nothing more than allegations that the Defendant executed a promissory note and security agreement on that date, that the promissory note contained a promise to pay back the $50,000 and that the Defendant has failed to do. Such allegations fall far short of alleging a recognizable claim for fraud.

The remaining allegations in the complaint relate to events and conduct that occurred many months after the June 14, 2005 transaction. The allegation in paragraph ten that the Plaintiff incurred attorney fees when he retained counsel and filed suit against the Defendant in September of 2008 supplies no support for any of the elements required in order to have a valid claim under section 523(a)(2)(A). The same is true regarding the allegation in paragraph eleven that in November of 2008 (more than three years after the $50,000 was received by the Defendant), she filed a pleading asserting that she was led by the Plaintiff to believe that the money was a gift. Plaintiff argues in his brief that this allegation shows that the Defendant had no intention of paying the promissory note when she signed it in June of 2005 and hence is a sufficient allegation of fraud. This argument is unavailing. Even if this broad reading of the allegation could be regarded as reasonable, the broad reading falls short because an allegation that a party did not intend to perform a contract at the time the contract was entered will not support a claim for relief based upon

alleged fraud.  See Strum v. Exxon Co., 15 F.3d 327, 331 (4th Cir. 1994)("Because Strum has done nothing more than assert that Exxon never intended to honor its obligations under the March agreement, the district court's dismissal of the first cause of action was entirely appropriate.").  Lastly, the allegations in paragraphs twelve through fifteen that the Defendant obtained continuances in state court, obtained a loan and encumbered her home in January of 2010 and filed for bankruptcy relief in May of 2010, even if accepted as true, do not supply any of the elements of a fraud claim.  In short, even with the most generous of assessments, the facts alleged in Plaintiff's complaint are insufficient to allege a plausible claim for relief based upon section 523(a)(2)(A).  It follows that the Defendant's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief therefore should be granted.

IT IS SO ORDERED.

This 10th day of January, 2011.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

Parties to be Served

John Northen
PO Box 2208
Chapel Hill NC 27514-2208

Arthur M Blue
PO Box 1540
Carthage NC 28327

Ruth Oakley Thomas
459 Bruce Coggins Road
Sanford NC 27332

Michael D West
Bankruptcy Administrator
PO Box 1828
Greensboro NC 27402

Chris Kremer
120 West Pennsylvania Ave, Ste 48
Southern Pines NC 28387

Pryor L Dark, Jr.
1002 Hawkins Avenue
Sanford NC 27330